## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MARIANNA LANDS and CHARLES WILLIAM
PAYNTER,

        Petitioners,

      v.                          No. 1:23-cv-869-JB-JFR

FEDERAL EMERGENCY MANAGEMENT
AGENCY; DEANNE CRISWELL; and ANGELA
GLADWELL,

        Respondents.

-- and --

TOBIN DOLAN; LYDIA DOLAN; TANGEE
DOLAN; DOROTHY JONES; BRIAN RODGERS;
MICHAEL SALAZAR; LINDA SALAZAR;
REYNALDO HERRERA; and KATHY VALERA,

        Petitioners,

      v.                          No. 1:23-cv-869-JB-JFR

FEDERAL EMERGENCY MANAGEMENT
AGENCY; DEANNE CRISWELL, in her official
capacity as Administrator of the Federal
Emergency Management Agency,

        Respondents.

## **RESPONDENTS' MOTION TO ALTER OR AMEND JUDGMENT**

Respondents respectfully request, pursuant to Federal Rule of Civil Procedure 59(e), that the Court alter or amend its Memorandum Opinion and Order in three respects. Mem. Op. & Order, *Lands v. FEMA*, 1:23-cv-869-JB-JFR, Doc. 59; *Dolan v. FEMA*, 1:23-cv-908-JB-JFR, Doc. 60 ("Mem. Op.").

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 1 of 21

First, the Court's findings that the Hermit's Peak/Calf Canyon Fire ("HPCC Fire" or "Fire") was a nuisance and a trespass are based on standards not litigated by the parties and the absence of any record evidence regarding the handling of the Fire. These findings are also contrary to New Mexico law, under which "[p]rescribed burning is considered in the public interest and not a public or private nuisance." N.M. Stat. § 68-5-3. By concluding that prescribed burns are ultrahazardous activities and that the Forest Service's handling of the HPCC Fire was negligent and reckless—particularly without record evidence or the litigation of this issue—the Opinion may deter the Government and others from crucial efforts to reduce fire risks. Respondents request that the Court vacate its findings that the HPCC Fire was a nuisance or trespass, including that the Government had any absolute duty to prevent fires in conducting a prescribed burn.

Second, the Opinion's interpretation of Section 104(c)(2) of the Hermit's Peak/Calf Canyon Fire Assistance Act[1] ("HPCC Act") as broadly incorporating New Mexico tort law is mistaken. Section 104(c)(2) applies New Mexico law "to the calculation of damages under subsection (d)(4)." If damages are not among the categories listed in subsection (d)(4), then Section 104(c)(2) does not apply New Mexico law to those damages. And because non-economic damages are not among those listed in subsection (d)(4), Section 104(c)(2) cannot be a source for the incorporation of New Mexico law allowing non-economic damages into the HPCC Act. Respondents request that the Court amend its

---

[1] Congress enacted the Act in September 2022 as part of the Continuing Appropriations and Ukraine Supplemental Appropriation Act, 2023. P.L. 117-180, div. G, 136 Stat. 2114.

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 2 of 21

Opinion to conclude that the HPCC Act's incorporation of New Mexico law is limited to the categories of damages in Section 104(d)(4).

Third, Respondents request that the Court amend the relief provided in the Opinion in several respects. The Opinion sets aside that portion of FEMA's Rule implementing the HPCC Act that precludes non-economic damages. Yet the Rule's language simply parallels the Act and does not mention non-economic damages at all. It is unclear what provisions of the Rule, if any, are invalidated by the Court's Opinion. Additionally, the Court's directive that FEMA pay non-economic damages to Petitioners is beyond the relief available under 5 U.S.C. § 706(1) because paying such damages—as opposed to processing claims pursuant to the HPCC Act—is not a discrete agency action that FEMA is required to take. In sum, Respondents request that the Court: (1) clarify which portions of 44 C.F.R. 296, if any, are set aside as a result of the Court's judgment; and (2) amend the relief the Court granted under 5 U.S.C. § 706(1) to the extent it requires FEMA to pay claims for non-economic damages, rather than process claims and award non-economic damages where such damages have been established by the facts of each individual claim.

Pursuant to Local Civil Rule 7.1, Respondents consulted Petitioners as to their position on this motion and it is opposed.

## I.   Motions to Alter or Amend Judgments Under Federal Rule of Civil Procedure 59

Federal Rule of Civil Procedure 59(e) permits parties to move to "alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Motions under Rule 59 may request "a substantive change in the district court's judgment or otherwise

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 3 of 21

question[] its substantive correctness." *Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010); *see also Nelson v. City of Albuquerque*, 921 F.3d 925, 928 (10th Cir. 2019) (describing such motions as falling under Rule 59 regardless of their labeling). "Rule 59(e) motions may be granted when 'the court has misapprehended the facts, a party's position, or the controlling law.'" *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "A district court has considerable discretion in ruling on a motion to reconsider." *Pueblo of Pojoaque v. Biedscheid*, 689 F. Supp. 3d 1033, 1078 (D.N.M. 2023) (Browning, J.) (citing *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)).

Relief under Rule 59(e) is available in circumstances that include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete*, 204 F.3d at 1012; *see also Hayes Fam. Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (identifying same set of circumstances). To be sure, "once the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Nelson*, 921 F.3d at 929. The finality of judgments is not the only public interest at stake here, however, as "the public interest in determining whether FEMA [is] a proper steward of billions of taxpayer dollars is undeniable and powerful." *News-Press v. U.S. Dep't of Homeland Sec.*, 489 F.3d 1173, 1196 (11th Cir. 2007). Here, a motion to alter or amend the judgment is in the public interest because it helps ensure claims under the HPCC Act are processed under clear and correct standards.

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 4 of 21

## II.    The Court's Findings That the HPCC Fire Was a Nuisance and Trespass Are Without Record Support and Contrary to Law

In its Opinion, the Court finds that the HPCC Fire was a nuisance and trespass. Mem. Op. at 55–58, 67–68. As to nuisance, the Court sets out the standards for private nuisance and concludes that the Fire meets these standards because the "Forest Service's unintentional invasion is negligent, reckless, and abnormally dangerous activity." Mem. Op. at 56. In a parallel to this analysis, the Court also concludes that the Fire was a trespass "because the Forest Service's conduct is negligent and reckless, and an extra hazardous activity" as well as because the "Fire physically invaded the Plaintiffs' land." Mem. Op. at 68.

These conclusions should be vacated by the Court because they are based on standards not argued or litigated by the Parties and a lack of any record evidence regarding the two prescribed burns that merged to become the HPCC Fire.[2] Although Petitioners presented argument as to whether non-economic damages were available for nuisance and trespass torts as a matter of law, the factual question of whether these prescribed burns and resulting wildfires supported a nuisance or trespass claim by Petitioners—or other, individual claimants—was beyond the scope of the Court's APA review. *See Firestorm Pyrotechnics, Inc. v. Dettelbach*, 61 F.4th 768, 774–75 (10th Cir. 2023) (observing that "review under the APA requires a 'searching but careful' inquiry into the basis for the agency's action, but our review is 'ultimately a narrow one'" (quoting *Maier* v.

---

[2] Indeed, the questions of whether the two prescribed burns that became the Hermit's Peak Fire and the Calf Canyon Fire, respectively, were handled negligently or recklessly, or whether the Fire was handled negligently or recklessly once it escaped, all present distinct factual inquiries.

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 5 of 21

*EPA*, 114 F.3d 1032, 1039 (10th Cir. 1997))). That is, whether the Forest Service was negligent or reckless in handling the HPCC Fire—or whether the prescribed burns that resulted in the Fire were an ultrahazardous activity—are not necessary to determining whether the challenged Rule was arbitrary and capricious or contrary to law.

The Court only reaches these factual questions because it broadly incorporates New Mexico tort law through Section 104(c)(2) of the HPCC Act and then attempts to determine what remedies are available to the Petitioners for various torts under New Mexico law. As discussed below, this is a mistakenly broad incorporation beyond the plain language of Section 104(c)(2), which limits the application of New Mexico law to those categories of damages in Section 104(d)(4). Instead, by limiting the application of New Mexico law to the "allowable damages" under Section 104(d)(4)—as Section 104(c)(2) directs, the Court need only determine which types of damages are recoverable under the HPCC Act's language, and not determine whether Petitioners have viable tort claims. Such statutory interpretation, rather than resolving factual disputes outside the Administrative Record, comports with the scope of review under the APA. 5 U.S.C. § 706.

Petitioners very briefly asserted in their briefing that a fire, including the HPCC Fires, is a nuisance and trespass. *Lands v. FEMA*, 1:23-cv-869-JB-JFR, Doc. 41 ("*Lands* Op. Br.") at 16[3] ("A physical invasion of property, such as by fire, is trespass, while intangible intrusions such as smoke, embers, ashes, noise, and odor are private nuisances."); *Dolan v. FEMA*, 1:23-cv-908-JB-JFR, Doc. 44 ("*Dolan* Op. Br.") at 17–18 (asserting that the HPCC

---

[3] The cited page numbers for these briefs reference the page number in the footer, not the page number in the Court's automatically generated header.

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 6 of 21

Fire was a nuisance because it interfered with the property of a considerable number of people and a trespass because it caused flames, smoke, soot, or ash to invade property). None of the cases cited by Petitioners for these assertions involve fires, let alone prescribed burns. There also is no record evidence cited in the Parties' briefing regarding the HPCC Fire, including its origin and handling, that the Court could apply in assessing whether the Fire constituted a nuisance or trespass under any legal standard.

In finding that the HPCC Fire constituted a nuisance and trespass, the Court employed a test for private nuisance not argued by Petitioners. Mem. Op. at 55–56 (quoting *Scott v. Jordan*, 1983-NMCA-022, ¶ 12, 661 P.2d 59, 62). Applying this standard, the Court determined that although the Fire was an unintentional invasion of property, it was nevertheless a "negligent, reckless, and abnormally dangerous activity." Mem. Op. at 56. Without reliance on any record materials (which consist of the Administrative Record for FEMA's rulemaking, not evidence regarding the handling of the prescribed burns or wildfires), the Court made the following determinations:

- That the Forest Service breached a duty of care "by failing to contain a prescribed burn and allowing a dormant pile burn to reemerge";

- That the "Forest Service's mismanagement of forest fire activity creates an unreasonable risk of harm";

- That the retrospective assessment of damage from the Fire "significantly outweighs any benefit of the prescribed burn and the dormant burn pile";

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 7 of 21

- That "because prescribed burns and pile burns have a high risk of danger and high risk of forest fires, the Forest Service's conduct of mismanagement demonstrates recklessness"; and

- That "the Forest Service mismanages its forest fires even knowing that mismanagement can create an unreasonable risk of harm." Mem. Op. at 57.

To begin, these findings are outside of the scope of the Court's APA review. Whether the Forest Service's handling of the fire was negligent or reckless is not a question of law "necessary for decision and . . . presented [] to the reviewing court" to be decided de novo under 5 U.S.C. § 706. Rather, this is a factual question—not presented by the Parties—and outside the scope of the record before the Court.

Further, the only authority to which the Court refers for these factual findings is Section 102(a)(7)[4] of the HPCC Act's findings, which notes that during the Fire "U.S. Forest Service Chief Randy Moore ordered a 90-day review of prescribed burn policies to reduce the risk of wildfires and ensure the safety of the communities involved." Mem. Op. at 57; *see also* Mem. Op. at 68 (relying on the same finding in the Court's trespass discussion). This finding in the HPCC Act noting that the Forest Service conducted a review of prescribed burn policies would be inadmissible to prove negligence under Federal Rule of Evidence 407 as a subsequent remedial measure. More importantly, the fact that the Forest Service reviewed its burn policies does not substantiate any of the Court's factual findings: that the agency was negligent or mismanaged its initial handling

---

[4] The Opinion cites to Section 102(a)(8) but the referenced finding about an after-fire review is in subsection (a)(7).

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 8 of 21

of the prescribed burns or the escaped wildfires; that the prescribed burns posed an unreasonable risk of harm; that the risks of the prescribed burns significantly outweighed their anticipated benefits; that prescribed burns have a "high risk" of danger and wildfires; or that the Forest Service knew of an unreasonable risk of harm at the time of any "mismanagement" of the prescribed burns. These findings are not supported by the Administrative Record nor were these factual issues litigated by the Parties. Respondents respectfully request that the Opinion be amended to remove such findings.[5]

In addition to the lack of record evidence to support these factual findings, the Court's determination that the HPCC Fire was a nuisance is contrary to New Mexico law. In the Prescribed Burning Act, the New Mexico Legislature explicitly stated: "Prescribed burning is considered in the public interest and not a public or private nuisance." N.M. Stat. Ann. § 68-5-3. Although negligence liability is available against private landowners for prescribed burns, it requires a finding that a "person was negligent in starting, controlling or extinguishing the prescribed burn." N.M. Stat. Ann. § 68-5-4(A). The Court's conclusion that a prescribed burn is a private nuisance merits the amendment of the Opinion under Rule 59(e) because the conclusion is contrary to New Mexico's statutory law. *Nelson*, 921 F.3d at 929 ("Rule 59(e) motions may be granted when 'the court has misapprehended the facts, a party's position, or the controlling law.'" (*quoting Servants of the Paraclete*, 204 F.3d at 1012)).

---

[5] The factual determinations of whether Forest Service personnel were negligent or reckless—and the resulting viability of nuisance or trespass claims—also may vary based on the circumstances specific to each prescribed burn and how each claimant was affected by the Hermit's Peak or Calf Canyon Fires, circumstances not in the record or analyzed by the Court.

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 9 of 21

The Court's conclusion that prescribed burns are an ultrahazardous activity, Mem. Op. at 58, also warrants reconsideration because it was not briefed or litigated by the parties and is contrary to the wealth of authority. In the vast majority of cases, prescribed burns are not deemed "abnormally dangerous" such that they carry strict liability. Although "strict tort liability has been applied to field burning as an abnormally dangerous activity" "[i]n at least one case," "for the most part, in the vast majority of cases and in usual instances, the American courts have rejected the ancient common-law rule and have held that, in the absence of legislation, there is no liability for the escape of fire where the defendant is not negligent." Speiser et al., 7 Am. Law of Torts § 19:22 (2024). "The American courts reason that the utility of fire is too great and the usage too universal that it would be very inconvenient to impose strict liability for the damage it causes." *Id.*

The New Mexico Court of Appeals has followed this law, finding error in a jury instruction that the City of Loving was engaged in an abnormally dangerous activity when burning dead weeds and grass. *Rodgers v. City of Loving*, 1977-NMCA-132, ¶¶ 4–6, 573 P.2d 240, 241 (quoting Prosser on Torts for the observation that American courts have consistently rejected a strict liability standard for prescribed burns). New Mexico's adoption of a negligence standard for liability for prescribed burns in the Prescribed Burning Act, N.M. Stat. Ann. § 68-5-4(A), also evinces that the New Mexico Supreme Court would not deem a prescribed burn an abnormally dangerous activity.

Furthermore, because prescribed burns are not ultrahazardous or abnormally dangerous activities under New Mexico law, they cannot automatically establish a

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 10 of 21

trespass that supports a claim for liability absent a finding of negligence or recklessness. *Compare* Restatement (Second) Torts § 165 (1965) (Liability for harm resulting from entry into land "recklessly or negligently, or as a result of an abnormally dangerous activity.") *with* Restatement (Second) Torts § 166 (1965) ("Except where the actor is engaged in an abnormally dangerous activity, an unintentional and non-negligent entry on land . . . does not subject the actor to liability . . . ."). Petitioners' briefing does not distinguish between these "different 'Trespass[es] on Land,'" Mem. Op. at 66, but simply asserts that the invasion of another's property is a trespass without any discussion of whether the trespass was accidental, negligent, or intentional. *Lands* Op. Br. at 16; *Dolan* Op. Br. at 18. And there is no record evidence to establish whether the Forest Service was negligent or reckless in its handling of the HPCC Fire.[6]

Not only are the Court's factual findings that the HPCC Fire was a nuisance and trespass contrary to New Mexico law and without support in the record, they also risk chilling important risk reduction activities. The Forest Service conducts prescribed burns

---

[6] This evidentiary question also implicates the availability of non-economic damages for trespass. Although the Court concludes, "[d]espite the lack of clear New Mexico State court decisions on the matter," that "the Supreme Court of New Mexico would allow recovery of noneconomic damages under trespass," Mem. Op. at 70, this analysis does not distinguish between negligent, reckless, or ultrahazardous trespass. Other courts have concluded, that while non-economic damages may be available for some categories of trespass, they are not available for negligent trespass. *See, e.g., Robinson v. United States*, 175 F. Supp. 1215, 1222–24 (E.D. Cal. 2001) (discussing that under California law, recovery of emotional distress damages is only available for trespass where conduct was intentional or continuing in tort case arising out of prescribed burn). Further, the Colorado law the Court relies upon in concluding that New Mexico would allow recovery of non-economic damages for trespass does not involve negligent trespass, as Colorado does not recognize the tort of negligent trespass. *Burt v. Beautiful Savior Lutheran Church of Broomfield*, 809 P.2d 1064, 1067 (Colo. App. 1990).

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 11 of 21

to reduce the risk from future wildfires. As this Court has recognized, the Forest Service's decisions about how and whether to light a prescribed burn and to respond to prescribed burns as they develop in intensity are predicated on policy decisions including how to reduce wildfire risk. *Vigil v. FEMA*, No. 1:23-cv-941-JB-JFR, 2024 WL 2404487, at *34 n.9 (D.N.M. May 23, 2024) (Browning, J.) (discussing authority regarding discretionary function exception as applied to handling of prescribed burns). The Opinion's determinations that the Forest Service has an absolute duty not to damage property and that prescribed burns are abnormally dangerous and ultrahazardous activities risk chilling this discretion and deterring beneficial fire prevention efforts. That is, if prescribed burns carry absolute liability, they may not be conducted even if the expected benefit of the burn greatly exceeds its risks. For these reasons, Respondents respectfully request that the Court amend its Opinion to remove the findings that the HPCC Fire constituted a nuisance or trespass under New Mexico law.

### III.    The Court's Interpretation of the HPCC Act Mistakenly Incorporates New Mexico Law Beyond That Provided in the Act's Plain Language

The Court's factual findings regarding nuisance and trespass under New Mexico law result from a mistakenly overbroad incorporation of New Mexico law into the HPCC Act. In the Opinion, the Court concludes that Section 104(c)(2) of the Act—which the Court terms the "New Mexico State law provision"—"states that the Plaintiffs can recover damages that are available under New Mexico State law." Mem. Op. at 50. Applying this provision, the Court proceeds to determine what damages New Mexico law might permit in tort claims arising out of the HPCC Fire. The Court's interpretation of Section 104(c)(2)

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 12 of 21

as broadly incorporating New Mexico tort law overlooks, however, that provision's limited application to those categories of damages "under subsection (d)(4)."

The Court's interpretation of Section 104(c)(2) rests on a misapprehension of Respondents' position and the plain language of the HPCC Act, and thus warrants reconsideration under Rule 59(e). *Nelson*, 921 F.3d at 929. In analyzing this provision, the Court rejects Respondents' interpretation of the phrase "calculation of damages" as unduly narrow. Mem. Op. at 51–52. The crucial point in interpreting Section 104(c)(2), however, is not what constitutes a "calculation," but the categories of damages to which New Mexico law can be applied in the first instance. *See Lands v. FEMA*, 1:23-cv-869-JB-JFR, Doc. 50 at 11 (arguing that "[a]lthough the Act calls for the application of New Mexico law, such application is limited to calculating damages in Section 104(d)(4)'s categories of 'allowable damages'"). If a category of damages is not listed in Section 104(d)(4), Section 104(c)(2) does not apply New Mexico law to its calculation.

Applying New Mexico law beyond the categories of allowable damages, the "Court concludes that the Hermit's Peak Act allows recovery of noneconomic damages, because the NM Civil Jury Instructions on deciding personal injury damages, such as for pain and suffering and for loss of enjoyment of life, apply to the calculation of allowable damages under the NM State law provision, § 104(c)(2)." Mem. Op. at 53. Personal injury damages, however, are not among the categories of "allowable damages" in Section 104(d)(4). As a result, Section 104(c)(2) does not apply New Mexico law to their calculation; that provision states only that "the laws of the State of New Mexico shall apply to the calculation of damages *under subsection (d)(4)*." (emphasis added). Nor can the catch-all

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 13 of 21

provisions at the end of Section 104(d)(4)'s categories expand the application of New Mexico law further. This is so because, as the Court recognized, "the broader categories of property, business, and financial loss limit the catch-all provisions." Mem. Op. at 92.[7] Therefore, Section 104(c)(2) only applies New Mexico law to those specific categories of damages contained in Section 104(d)(4): loss of property; business loss; and financial loss.

This reading of Section 104(c)(2) not only hews closely to the provision's plain text, it also is far more administrable than the Court's reading as a matter of claims processing. By looking first to the HPCC Act's terms to determine whether damages are available—before applying New Mexico law to calculate the amount of such damages—the claim administrator can avoid inquiries as to whether a claimant has a valid tort claim. The administrator need only determine whether a claimant has damages, available under the Act, that resulted from the Fire, and then calculate the amount of such damages under New Mexico law. *See* HPCC Act, § 104(d)(1)(B) (describing the Administrator's "[p]arameters of determination" in a similarly narrow scope). By contrast, if the HPCC Act incorporates New Mexico tort law more broadly, the administrator would need to determine whether each claimant had valid tort claims under New Mexico law, including

---

[7] The Court determined that "the conclusion that the Allowable Damages provision limits the scope of its underlying catch-all provisions is immaterial to whether the Hermit's Peak Act allows recovery of noneconomic damages" because "the NM State law provision, § 104(c)(2), waives sovereign immunity for claims under New Mexico law, and the Extent of Damages provision, § 104(c)(3), . . . does not exclude noneconomic damages." Mem. Op. at 93. As discussed above, however, the scope of the Allowable Damages provision is material because it determines the scope of the incorporation of New Mexico law under Section 104(c)(2).

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 14 of 21

assessing whether there was negligence in the planning and handling of the Fire, and whether any such negligence caused the claimant's damages.

The Court concluded that Section 104(c)(2) must contain an independent waiver of sovereign immunity because Section 104(d)(4)'s categories of "allowable damages" cover damages that are "otherwise uncompensated." Mem. Op. at 88. The Opinion provides that "the Allowable Damages provision's list of property, business, and financial losses as damages that are 'otherwise uncompensated' under the Hermit's Peak Act suggests that such damages are additionally recoverable under the Hermit's Peak Act." Mem. Op. at 88. The Court then reasons that "a different primary provision in the Hermit's Peak Act compensates victims" and "[t]hat different provision can be none other than the NM State law provision, § 104(c)(2), which allows for recovery of damages that are available under New Mexico State law, such as noneconomic damages." Mem. Op. at 88. But as explained above, Section 104(c)(2) only applies "the laws of the State of New Mexico . . . to the calculation of damages under subsection (d)(4)." So it cannot be an independent basis for applying New Mexico law and for permitting non-economic damages beyond the categories of damages permitted in Section 104(d)(4).

Rather, the phrase "otherwise uncompensated" in Section 104(d)(4) should be read as referring to damages that are compensated by other sources. Although the Opinion repeatedly describes Section 104(d)(4)'s "allowable damages" as those "'otherwise uncompensated' under the Hermit's Peak Act," Mem. Op. at 88, 89, 90, the Act itself does not contain the phrase "under the Hermit's Peak Act." HPCC Act, § 104(d)(4)(A) ("may include otherwise uncompensated damages resulting from the Hermit's Peak/Calf

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 15 of 21

Canyon Fire"), § 104(d)(4)(B) ("may include damages . . . for the following types of otherwise uncompensated business loss"), § 104(d)(4)(c) ("may include damages . . . for the following types of otherwise uncompensated business loss"). And the Act itself contemplates that claimants may obtain compensation for their damages from sources *outside* the HPCC Act. *See* HPCC Act, § 104(k) (waiving matching funds requirements for compensation under state and local projects, the Stafford Act, and agricultural programs); *see also* 44 C.F.R. § 296.21(f) (limiting damages to those not paid by insurance, workers' compensation, and other FEMA programs). Moreover, providing that damages be "otherwise uncompensated" from other sources ensures that HPCC Act funds are preserved to meet claimants' needs and that damages that can be compensated through the Stafford Act or other programs do not drain the Act's limited pot of funding.

Lastly, the Court erred by relying on the definition of "permissive" to understand the meaning of "allowable." The Court explained that "[g]iven the context that the Allowable Damages provision treats damages from property, business, and financial losses as 'otherwise uncompensated' under the Hermit's Peak Act, th[e] meaning of 'allowable' [as permissive] makes the most sense. Here, the Allowable Damages provision's use of the word 'allowable' is more like the word 'permissive' than the word 'exclusive.'" Mem. Op at 90. Instead of considering the definition of "allowable" itself, however, the Court considers a definition of "permissive." Mem. Op. at 90 (quoting Bryan A. Garner, Black's Law Dictionary (12th ed. 2024)).

The definition of "allowable" is more limiting, defining the damages in Section 104(d)(4) as those "[a]cceptable according to the rules; permissible." Black's Law

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 16 of 21

Dictionary (12th ed. 2024). And "permissible" is similarly defined as "[a]llowed by the law or by applicable rules; allowable; admissible." Therefore, Section 104(d)(4) is best read as defining those categories of damages that are permitted under the Act, which are then calculated pursuant to New Mexico law under Section 104(c)(2). Respondents respectfully request that the Court amend its Opinion to revise its interpretation of the Act that, contrary to this statutory language, recognizes a waiver of sovereign immunity under New Mexico law broader than the categories of damages set out in Section 104(d)(4).

## IV.    Relief Ordered by the Court

Lastly, Respondents respectfully request that the Court alter or amend the portion of the Opinion addressing remedies in two respects. To begin, the Court in its Opinion "concludes that the Hermit's Peak Regulation which precludes recovery of noneconomic damages is arbitrary and capricious in violation of the APA, § 5 U.S.C. § 706(2), and thus holds the relevant Hermit's Peak Regulation unlawful and sets it aside." Mem. Op. at 95; *see also* Mem. Op. at 96, 97 (both containing similar language setting aside the "relevant Hermit's Peak Regulation"). It is unclear what portion, if any, of the Regulation, 44 C.F.R. 296, the Court's ruling invalidates. *See* Mem. Op. at 50 (stating that the Court is reviewing "de novo the Hermit's Peak Regulation that precludes recovery of noneconomic damages for injuries resulting from the Hermit's Peak Act"). Thus, Respondents request that, even if the Court does not revisit its statutory interpretation as requested in the preceding section, the Court clarify which sections of the Rule, if any, have been set aside.

This confusion may result from the fact that the Rule itself does not mention non-economic damages at all. As the Court's Opinion recognizes, FEMA's statement that the

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 17 of 21

HPCC Act does not allow non-economic damages was contained in comments during the rulemaking. Mem. Op. at 7–8 (quoting 88 Fed. Reg. 59732, 59743, as explaining that the "limitation of the Act with respect to allowable damages excludes non-economic damages such as pain and suffering"). Those comments explained that FEMA's decision not to award non-economic damages was based on its interpretation of Section 104(d)(4) of the Act. 88 Fed. Reg. at 59743. The Rule's damages provisions, rather than discussing non-economic damages, simply parallel the Act's language. *See* 44 C.F.R. § 296.21(a) ("The Act provides for the payment of actual compensatory damages for injury or loss of property, business loss, and financial loss. The laws of the State of New Mexico will apply to the calculation of damages."). Because the Rule does not contain any mention of non-economic damages, it is unclear what, if any, provisions of the challenged Rule the Court intended to invalidate as a result of its Opinion.

Respondents also request that the Court alter or amend its order "compel[ling] FEMA to award noneconomic damages for the Plaintiffs' claims, such as for emotional pain and suffering, under the Hermit's Peak Act" pursuant to 5 U.S.C. § 706(1). Mem. Op. at 97. Respondents are uncertain whether this directive commands them to process claims without a general prohibition on the recovery of non-economic damages, or whether it requires FEMA to pay such asserted claims regardless of whether each claimant would have a valid tort claim under New Mexico law or regardless of the actual amount of such damages—as opposed to the claimed amount of such damages. As an illustration, the Court concludes that Petitioners, including Marianna Lands, "can recover noneconomic damages for pain and suffering, and loss of enjoyment of life, resulting from

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 18 of 21

personal injuries that the Hermit's Peak/Calf Canyon Fire cause[d]." Mem. Op. at 73. Respondents are uncertain whether the Court's order compelling FEMA to award non-economic damages still permits it to resolve the factual question, alleged in the *Lands* Petitioners' Complaint but for which there is no record evidence, of whether Ms. Lands' stroke was caused by the HPCC Fire. *See Lands v. FEMA*, 1:23-cv-869-JB-JFR, Doc. 17 at 3, ¶ 7 ("Ms. Lands claims stress and dislocation resulting from the fire and subsequent flooding caused her personal injury in the form of a stroke . . . .").

The Court's directive that FEMA pay claims for non-economic damages—particularly if it compels the payment of individual claims irrespective of whether they would establish a valid tort claim or the actual amount of damages—is beyond the scope of available relief under 5 U.S.C. § 706(1). To obtain relief under Section 706(1), there must be "a failure to take an agency action that is (1) discrete and (2) legally required." *Audubon of Kansas, Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023) (internal quotation marks and citation omitted). "The limitation to *required* agency action rules out judicial direction of even discrete agency action that is not demanded by law...." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 65 (2004); *see also Wopsock v. Natchees*, 279 F. App'x 679, 687 (10th Cir. 2008) (holding the court lacks subject matter jurisdiction when the action sought to be compelled is not required). Rather, there must be a "nondiscretionary, mandatory duty that [the agency] may be compelled to carry out under § 706(1)." *S. Utah Wilderness All. v. Norton*, 301 F.3d 1217, 1227 (10th Cir. 2002).

Nothing in the HPCC Act establishes a nondiscretionary, mandatory duty to pay non-economic damages regardless of a claim's merit or validity. Nor is there record

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 19 of 21

evidence to establish that Petitioners are entitled to non-economic damages for any of their individual claims. In fact, commanding FEMA to pay such damages would be contrary to the HPCC Act itself. The Act directs FEMA's Administrator not to pay all such claims, but to determine "whether the claimant is an injured person," "whether the injury . . . resulted from the [HPCC] Fire," whether the person "is eligible to receive any amount determined," "whether sufficient funds are available for payment," and "the amount, if any, to be allowed and paid . . . ." HPCC Act, § 104(d)(1)(B). Therefore, Respondents respectfully request that even if the Court does not amend its conclusion that the HPCC Act permits the payment of non-economic damages, that the Court still amend the portion of its Opinion directing relief under 5 U.S.C. § 706(1) to only compel the payment of non-economic damages when other requirements of the HPCC Act have been met, including the determinations in Section 104(d)(1)(B).

## CONCLUSION

For these reasons, Respondents respectfully request that the Court, pursuant to Federal Rule of Civil Procedure 59(e), alter or amend its judgment in the following respects. First, Respondents request that the Court amend the Opinion to remove its findings that the HPCC Fire was a nuisance and trespass, including the findings that the Forest Service was negligent and reckless, and that prescribed burns are an abnormally dangerous activity. Second, Respondents request that the Court amend the Opinion to limit any incorporation of New Mexico law in the HPCC Act to the calculation of damages in the categories set forth in Section 104(d)(4). And finally, Respondents request that the Court amend the Opinion's relief section to clarify which portions, if any, of the

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 20 of 21

challenged Rule are invalidated, and to remove any directive to pay particular claims under 5 U.S.C. § 706(1).

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

/s/ Nicholas M. Sydow 1/14/25
Nicholas M. Sydow
Brett C. Eaton
Assistant United States Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87103
(505) 224-1460
nicholas.sydow@usdoj.gov
brett.eaton@usdoj.gov
**Attorneys for Respondents**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14, 2025, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

/s/ Nicholas M. Sydow 1/14/25
Nicholas M. Sydow
Assistant United States Attorney

Motion to Alter or Amend Judgment Under FRCP 59
*Lands v. FEMA*, 1:23-cv-869-JB-JFR; *Dolan v. FEMA*, No. 1:23-cv-908-JB-JFR
Page 21 of 21